IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3072-FL

| | |
|---|---|
| GEORGE ALBERT HOOD,          )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     v.                       )<br>                              )<br>TRACY W. JOHNS; ANDRES        )<br>HERNDANDEZ; KAREN STEINOUR;   )<br>FREDDIE GARRIDO; ANDREA       )<br>TAYLOR; UNIT MANAGER          )<br>WEAVER; MARGRET HALE;         )<br>LIEUTENANT BELL; LIEUTENANT   )<br>FERNDANDEZ; OFFICER SMITH;    )<br>AND OFFICER RUFFIN,           )<br>                              )<br>          Defendants.         )  | ORDER |

This matter comes before the court on the motion to dismiss, or in the alterative, motion for summary judgment[1] (DE # 17) pursuant to Federal Rule of Civil Procedure 56 filed by defendants Lieutenant Bell ("Bell"), Lieutenant Fernandez ("Fernandez"), Freddie Garrido ("Garrido"), Margret Hale ("Hale"), Andres Hernandez ("Hernandez"), Tracy W. Johns ("Johns"), Officer Ruffin ("Ruffin"), Officer Smith ("Smith"), Karen Steinour ("Steinour"), Andrea Taylor ("Taylor"), and Unit Manager Weaver ("Weaver"). The matter was fully briefed. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion. The court also directs plaintiff to particularize certain claims as set forth below.

---

[1] Because defendants attached matters that are outside of the pleadings, the court construes their motion as a motion for summary judgment.

**STATEMENT OF THE CASE**

On April 14, 2011, plaintiff, a then civil detainee, awaiting a hearing on the government's petition for his commitment pursuant to 18 U.S.C. § 4248, filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). At the time he filed this action, plaintiff was housed in the Maryland unit at the Federal Correctional Complex in Butner, North Carolina ("Butner"). Plaintiff alleges the following claims arising out of his incarceration at the Maryland unit: (1) deliberate indifference to his serious medical needs; (2) unlawful confiscation of, and failure to return, property; (3) commingling with sentenced inmates; (4) censoring of mail; and (5) unlawful conditions in segregation. On April 22, 2011, the court dismissed the § 4248 petition for certification filed against plaintiff, and plaintiff was released from the Bureau of Prison's custody. Cox[2] Decl. ¶ 5.

On October 3, 2011, defendants filed a motion for summary judgment, arguing that plaintiff's action should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. Alternatively, defendants argue that plaintiff's claim should be dismissed for failure to state a claim upon which relief may be granted. The matter was fully briefed.

**DISCUSSION**

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

---

[2] Lynnell Cox submitted an affidavit in support of defendants' motion for summary judgment. Cox is employed by the Bureau of Prisons as a Paralegal Specialist. Cox Aff. ¶ 1.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

   1.   Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that plaintiff failed to exhaust his administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Plaintiff is a civil[3] detainee and not subject to the PLRA's mandatory exhaustion requirements. See Hicks v. James, 255 Fed. App'x 744, 748 (4th Cir. 2007) (per curiam); Michau v. Charleston County, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006) (a person detained under South Carolina's Sexually Violent Predator Act "does not meet the PLRA's definition of 'prisoner'" and is not required to exhaust administrative remedies). In opposition to this conclusion, defendants cite McCarthy v. Madigan, 503 U.S. 140, 144 (1992), for the proposition that "where Congress has not clearly required exhaustion, sound judicial discretion governs." Unfortunately, defendants' argument is foreclosed by the Fourth Circuit's specific and repeated holding to the contrary. See, e.g., Hicks, 255 Fed. App'x at 748; Michau, 434 F.3d at 727-28; see also Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009) ("Although many policies support the PLRA's exhaustion requirement with respect to the currently imprisoned, general policies – even if they could be applied to former prisoners – do not trump the plain language of the statute . . . . Therefore, we join our sister circuits in holding that only those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)."). Thus, the court DENIES defendants' motion for summary judgment as to the issue of exhaustion of administrative remedies.

    2.    Deliberate Indifference to Medical Needs

        a.    Hale

Plaintiff sues Hale for her alleged failure to provide him with timely and adequate care for a spider bite. In response, Hale argues that plaintiff's Bivens claim against her should be dismissed

---

[3] There is no question that proceedings under 18 U.S.C. § 4248 are civil, not criminal matters. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012); United States v. Broncheau, 645 F.3d 676, 683 (4th Cir. 2011).

4

because she is entitled to absolute immunity pursuant to 42 U.S.C. § 233(a) of the Public Health Service Act. Section 233(a) protects commissioned Public Health Service officers and employees from being subject to suit "for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions." See Cuoco v. Moritsugu, 222 F.3d 99, 107 (2nd Cir. 2000); Cook v. Blair, No. 5:02-CT-609-BO, 2003 WL 23857310, *1 (E.D.N.C. March 21, 2003), aff'd by 82 F. App'x 790 (4th Cir. 2003). Under § 233(a), the exclusive remedy for actions against Public Health Service members is against the United States pursuant to the Federal Tort Claims Act ("FTCA"). See 42 U.S.C. § 233(a); Cook, 2003 WL 23857310, *1 (citing Cuoco, 222 F.3d at 107).

Hale submitted a declaration stating that, at the time she provided plaintiff medical care at Butner, she was a commissioned officer in the United States Public Health Service employed by the Health Services Division of the Federal Bureau of Prisons as a Physicians Assistant. Hale Decl. ¶ 1. Accordingly, even if plaintiff's allegations of inadequate medical care are true, Hale as an officer of the Public Health Service, is entitled to absolute immunity pursuant to § 233(a) because she is being sued based upon her performance of a medical function. Because Hale is immune from plaintiff's suit, plaintiff's Bivens claim against her is DISMISSED.

   b. Remaining Defendants

Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs in violation of the Fifth Amendment[4] on the following grounds: (1) Steinour and Hernandez failed to provide him timely treatment for his brown recluse spider bite; (2) Smith and Taylor failed

---

[4] Plaintiff is a pretrial detainee. Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fifth Amendment, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, as a practical matter, the contours of the Due Process Clause are coextensive with the substantive constitutional principles applied by the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992). Accordingly, plaintiff's Fifth Amendment Due Process claims will be analyzed under the Eighth Amendment.

5

to provide him with a wheelchair after his knee surgery; (3) Garrido refused to provide him treatment for his Hepatitis C; and (4) unnamed defendants failed to provide him with treatment for a broken wrist and a broken rib. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

"Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). A disagreement between an inmate and a physician regarding the appropriate form of treatment does not state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998); Sosebee v. Murphy, 797 F.2d 179, 181-82 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285, 1286 (4th Cir. 1977).

6

In this case, plaintiff alleges that "Lassiter," who is not a party to this action, ordered Hale not to treat him. Plaintiff further alleges that he contacted Steinour and Hernandez, both Bureau of Prisons supervisors, who promised him that they would obtain medical assistance for his brown recluse spider bite. Plaintiff states that after a week passed without medical assistance, he sought treatment for the spider bite from Dr. Smith, who also is not a party to this action. Dr. Smith treated plaintiff's injury, but plaintiff subsequently contracted methicillin-resistant staphylococcus aureus ("MERSA") due to the alleged delay in treatment.

Plaintiff's allegations do not state a claim for deliberate indifference to plaintiff's serious medical needs on behalf of Steinour and Hernandez. Rather, plaintiff's allegations reflect that Steinour and Hernandez promised to assist plaintiff with obtaining medical attention when they discovered his injury, and that any interference with plaintiff's treatment was caused by Lassiter, who is not a party to this action. Plaintiff does not allege that Steinour and Hernandez purposely denied or delayed his treatment, but that they promised him treatment.[5] The fact that the treatment was not provided for one week, at most, amounts to negligence, which does not state a constitutional claim. See Estelle, 429 U.S. at 105-106. Thus, the court GRANTS defendants' motion for summary judgment as to this claim.

Plaintiff also alleges that following his knee operation, the surgeon informed him that medical staff would provide him with a wheelchair, and that they would change his bandages every other day. When plaintiff returned to the Maryland Unit, Smith and Taylor informed him that he

---

[5] Plaintiff alleges that Garrido also acted with deliberate indifference to his serious medical needs in connection with his spider bite. Plaintiff, however, provides no factual support whatsoever for this claim. Thus, the court finds that plaintiff failed to state a claim upon which relief may be granted against Garrido. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding that there is a minimum level of factual support required to state a constitutional claim).

7

was not approved for a wheelchair. Plaintiff claims he had been authorized for a wheelchair, but that Smith and Taylor denied his request for a wheelchair to cause him needless pain. The court finds that these allegations are sufficient to state a Fifth/Eighth Amendment claim for deliberate indifference to his serious medical needs against Smith and Taylor. Defendants have not submitted sufficient evidentiary support to refute plaintiff's allegations. Thus, defendants' motion for summary judgment is DENIED as to these claims.

Plaintiff also alleges that Garrido denied him Interferon therapy for his Hepatitis C, despite the fact that the treatment had been prescribed by a physician at the Federal Correctional Institution in Sheridan, Oregon. Plaintiff states that Garrido directed that he not be treated for his Hepatitis C because he was not a federal inmate. The court finds these allegations sufficient to state a Fifth/Eighth Amendment claim against Garrido, and DENIES defendants' motion as to this claim.

Finally, plaintiff generally alleges that defendants acted with deliberate indifference to his serious medical needs because he was denied treatment for a broken wrist and a broken rib. Plaintiff, however, has not provided sufficient factual support for these claims. Thus, the court finds it appropriate to allow plaintiff to particularize his complaint. Plaintiff is on notice that he must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation.

      c.      Property claims

Plaintiff alleges that on September 12, 2008, the civil detainees were forced out of their unit into the recreation area while their cells were searched for contraband. Several of plaintiff's books

8

and a calendar were confiscated as alleged contraband. Plaintiff states that he asked Fernandez to provide him with a confiscation order listing the property taken, the reason the property was taken, and the name of the officer who took the property. Plaintiff also requested that Fernandez send the property to his home at his expense. Fernandez promised to comply with plaintiff's requests, but a confiscation order was not provided and the property was not returned. Beyond the September 12, 2008, incident, plaintiff alleges that additional property was confiscated on November 18, 2010.

The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government without due process of law. See U.S. Const. Amend. V. A plaintiff may not obtain relief for the negligent or intentional deprivation of property if he has an adequate post-deprivation remedy available. See Daniels v. Williams, 474 U.S. 327, 333-334 (1986) (finding the negligent deprivation of property by a state or federal officer does not constitute a deprivation of due process); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding that unauthorized intentional deprivation of property by a state officer does not violate the due process clause if a meaningful post-deprivation remedy for the loss is available); Taylor v. Bright, 229 F.3d 1144, at *2 (4th Cir. Aug. 14, 2000).

It is not clear from the evidence in the record whether plaintiff had an adequate post-deprivation remedy available to him. Specifically, plaintiff seeks punitive damages for the alleged intentional deprivation of his property. It is not clear whether plaintiff could have sought these damages from alternative avenues. Thus, the court DENIES defendants' motion as to this claim. See Taylor, 229 F.3d at *2.

        d.      Commingling with Sentenced Inmates

9

Plaintiff alleges that his Fifth Amendment rights were violated because Johns failed to protect him from the risk of assault during the periods of time that he was commingled with non § 4248 inmates. The Eighth Amendment imposes a duty upon prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 825. To establish a claim for failure to protect from violence, an inmate must demonstrate: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison officials had a "sufficiently culpable state of mind." Id. (internal citations and quotations omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. (internal citations omitted).

Plaintiff alleges that civil detainees are commingled with inmates when they are transported outside of the Federal Medical Center. The practice of housing civil detainees with convicted inmates does not, by itself, violate a detainee's constitutional rights. See, e.g., Silvera v. Connecticut Dept. of Corr., 726 F. Supp.2d 183, 195-96 (D. Conn. May 27, 2010) (finding that housing pretrial detainees with sentenced inmates, alone, does not violate the detainee's constitutional rights); Young v. Monahan, No. 07-C-1193, 2008 WL 182244, at *3 (N.D. Ill. Jan. 16, 2008) (dismissing for failure to state a claim challenge to "co-mingling" of detainees and persons committed as sexually violent persons); Burciaga v. County of Lenawee, 123 F. Supp. 2d 1076, 1078-79 (E.D. Mich. 2000) (holding "unless the state acts with the impermissible intent to punish a pre-trial detainee or is deliberately indifferent to a pre-trial detainee's safety, it does not violate the due process clause to house that pre-trial detainee with a sentenced inmate.")

As for plaintiff's specific allegations, he states that he was assaulted twice when he was commingled with convicted inmates while waiting for transport. Although plaintiff contends that

10

he spoke with Johns about the practice, he does not indicate whether he was assaulted before or after his alleged conversation with Johns. Moreover, plaintiff provided no details or dates as to when the alleged assaults occurred or whether he suffered any injuries as a result of the alleged assaults. The court finds that these facts are insufficient to state an Eighth Amendment claim. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (finding that there is a minimum level of factual support required to state a constitutional claim). See Farmer, 511 U.S. at 837; Ruefly v. Landon, 825 F.2d 792, 794 (4th Cir. Aug. 13, 1987); Stritehoff v. Green, No. CCB-09-3003, 2010 WL 4941990, *4 (D. Md. Nov. 30, 2010); Jones v. Beck, No. 5:09CV28-1-MU, 2009 WL 929130, *2 (W.D.N.C. Apr. 3, 2009). Therefore, defendants' motion for summary judgment is GRANTED as to this claim.

e.  Mail Censoring

Plaintiff alleges that his mail was "censored and confiscated to a greater degree than regular prisoners." Compl. p. 7. Plaintiff's allegations regarding the alleged mail censoring are unclear. Accordingly, the court finds it appropriate to direct plaintiff to particularize this claim. Plaintiff is on notice that he must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation.

f.  Segregation

Plaintiff alleges that he was unlawfully housed in freezing temperatures while in segregation from December 23, 2010 through January 3, 2011. Plaintiff also alleges that he was held in segregation sixty-five (65) days beyond his disciplinary sanction until he signed an agreement to participate in behavioral treatment in exchange for his release from segregation. In response,

11

defendants seek dismissal of these claims on the grounds that plaintiff's allegations are conclusory and do not connect any specific defendant to the alleged conduct. The court finds that defendants are correct in that plaintiff has not connected the named defendants' actions with the alleged conduct. Thus, the court finds it appropriate to allow plaintiff to particularize this claim. Plaintiff is on notice that he must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, or in the alternative, for summary judgment (DE # 17) is GRANTED in part and DENIED in part. The motion is GRANTED as to all of plaintiff's claims against Hale, plaintiff's claim for deliberate indifference to serious medical needs against Steinour and Hernandez, and plaintiff's claims regarding the co-mingling of civil detainees with convicted inmates. Defendants' motion is DENIED with respect to plaintiff's remaining claims. Plaintiff is DIRECTED to particularize his complaint as set forth above within twenty-one (21) days of this court's order. Failure to comply with this court's order will result in dismissal without prejudice of the claims plaintiff was directed to particularize. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 5th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge